IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL KONING, M.D., and )
SUSAN KONING, Husband and )
Wife, )
                          )
        Plaintiffs,       )         4:08CV3087
                          )
    v.                    )
                          )
LOWELL BAISDEN, C.P.A.,   )         ORDER
                          )
        Defendant.        )
                          )

    Pending before the court is the defendant's motion for change of venue.  Filing 7.  Plaintiffs have opposed the motion, filing 8, and defendant has filed a reply, filing 10.  Both sides have failed to comply with the local rules concerning the filing and opposing of motions.  NECivR 7.1 states, in pertinent part:

> 7.1(a) Making a Motion. (1) Supporting Brief. (A) Substantial Issue of Law.  A motion raising a substantial issue of law must be supported by a paginated brief filed and served contemporaneously with the motion.  . . .  The brief shall state concisely the reasons for the motion and cite the authorities relied upon.  The brief shall not recite facts unless supported as provided in subparagraph (a)(2) of this rule.
>
> 7.1(a) Making a Motion. (2) Evidence and Evidence Index. (A) Factual Support.   . . .[I]f a motion requires the court to consider any factual matters not established by the pleadings, the moving party at the time of filing the supporting brief shall also file and serve the evidentiary materials on which the party is relying and which have not previously been filed.  Every factual assertion in the motion and the supporting brief shall cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence upon which the moving party relies.
>
> 7.1(b) Opposing a Motion. (1) Opposing Brief. (A) Form and Content.  The party opposing a motion shall not file an "answer," or "opposition," "objection," or

> "response" to a motion, or any similarly titled responsive pleading, but instead shall file a paginated brief which concisely states the reasons for opposing the motion and cites the authorities relied upon.  The brief shall not recite facts unless supported as provided in subparagraph (b)(2) of this rule.
>
> 7.1(b)  Opposing a Motion.  (2)  Evidence and Evidence Index.  (A)  Factual Support.  The non-moving party shall, at the time of filing the opposing brief, also file and serve any evidentiary materials on which the party is relying and which have not previously been filed.  Every factual assertion in the opposing brief shall cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence relied on by the non-moving party.

In addition, NECivR 39.2 states:

> Briefs.  (c)  Abandonment of Issues.   . . . [W]hen by these rules or by separate order a time has been set for submitting a brief on a particular issue or pursuant to a briefing schedule, the judge may treat a party's failure to submit a brief or to discuss an issue in the brief submitted as an abandonment of that party's position on any issue not briefed or discussed.

Defendant did not file a brief in support of the motion.  Neither side has filed an evidence index setting out cognizable facts for the court's consideration.  Plaintiff's "objection" violates the local rule.  In light of the defendant's pro se status, the court might overlook the failure to file a brief in this instance, since the motion itself contains substantial argument, albeit without citing or discussing appropriate legal authority; however, proceeding without counsel does not excuse a party from compliance with local rules.  Likewise, the court might in its discretion overlook the plaintiffs' failure to properly title their "opposition" as a brief, since that is essentially what it is.  However, the real and very substantial failures by both sides to support their arguments with evidence leave the court unable to apply the standards of the applicable statute.

28 U.S.C. 1404(a), upon which defendant relies, states

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Applying the standards of the statute requires the court to consider the facts of the situation. While there is some discussion of factual matters in the motion and in the "objection," none of the factual assertions made in those documents is supported, much less established, by any evidence before the court. There are assertions of residency, contacts with Nebraska, places in which actions took place, location and convenience of witnesses, locations of documents and records, and the situs of perhaps related litigation pending in the Eastern District of California. However, none of these assertions is supported by any affidavits, or properly authenticated documentation enabling the court to consider them.

In such circumstances, I must deny the motion. I shall do so without prejudice to a properly filed and supported motion, so long as it is filed promptly.

IT THEREFORE HEREBY IS ORDERED,

The motion for Change of Venue, filing 7, is denied without prejudice.

DATED this 29th day of May, 2008.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge