```
           IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF NEBRASKA


MICHAEL KONING, M.D. and       )
SUSAN KONING, Husband and Wife,)
                               )
          Plaintiffs,          )      4:08 CV 3087
                               )
     v.                        )
                               )
                               )
LOWELL BAISDEN, C.P.A.,        )      MEMORANDUM AND ORDER
                               )
          Defendant.           )
```

Pending before the court is the defendant's *pro se* motion to change venue pursuant to 28 U.S.C. §1391(a) and §1404(a). Filing 12. An earlier motion of the same nature was denied by the court for failure to abide by local rules. See Filing 11. This is a case based on diversity-of-citizenship jurisdiction, removed from the District Court of Douglas County, Nebraska pursuant to 28 U.S.C. §1441.

28 U.S.C. §1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. §1391(a) allows a diversity-of-citizenship case to be filed in a district (1) in which the defendant resides, (2) in which a substantial part of the events giving rise to the claim occurred, or (3) in which the defendant is subject to personal jurisdiction, if there is no other district in which it may be brought. As pertains to this case, therefore, it could have been filed either in California, where the defendant resides, or in Nebraska, where the plaintiffs allege the events or omissions giving rise to the claim

occurred.  Defendant requests that the court transfer venue to the district of his residence, the Eastern District of California.

The parties have filed voluminous materials and arguments in support of and in opposition to the motion.  The court must parse through these materials in evaluating the convenience of parties and witnesses and the interest of justice.  Despite the voluminous nature of the parties' filings, however, their contents shed far more heat than light on the relevant standards applicable.

Defendant has filed an affidavit in which he states that he is a resident of Bakersfield, California, located in the Eastern District of California, and has there resided his entire life.  He is a Certified Public Accountant, and for a number of years while the plaintiffs resided in Nebraska, he provided accounting services to them.  He is the brother of plaintiff Susan Koning.

Plaintiffs are residents of Montana.  Michael Koning is a physician, and he practiced in North Platte, Nebraska between 1997 and 2004.  He and Susan Koning resided in North Platte part of that time, but moved to Montana in approximately 2004.

This action was filed in the state district court in March, 2008.  The complaint alleges professional negligence, breach of fiduciary duties, and intentional and negligent misrepresentation and concealment.  Relief requested includes an accounting and disgorgement of fees, general damages, and unspecified special damages.  Filing 1.

Defendant has answered and counterclaimed for over $1 million in damages allegedly caused by plaintiffs, including legal fees and other services, loss of business, and loss of the asset value of his business.  Filing 2.

The subject claims arise from an alleged abusive tax avoidance scheme (ATAT) allegedly created by the defendant which resulted in tax audits, an Internal Revenue Service investigation into possible tax fraud, and accompanying claims against the plaintiffs for back taxes, interest, and penalties. Complaint, Filing 1. The IRS also instituted an action against the defendant in the United States District Court for the Eastern District of California alleging tax fraud.[1] The record in this case indicates that that action was stayed and administratively closed on May 21, 2008, after which the Department of Justice issued a press release (filing 13, Exhibit G, purporting to correct a prior press release (which is not before this court, but which from this release, apparently referred to a preliminary injunction issued by the court against the defendant). The release states, "The Court did not find that Mr. Baisden had engaged in or promoted a tax scheme; nor did it find Mr. Baisden was engaged in a fraudulent tax promotion."[2] The release states that the case is set for trial on June 17, 2008. Id. There is also in this court's file an order granting a joint motion for stay of the trial date, filed May 21, 2008, which states, "The parties have moved to stay this civil case pending the outcome of a criminal case the government anticipates imminently filing against defendant." Filing 18-3, p.1.[3] Subsequently, on May 22, 2008 the court entered an order vacating all dates and deadlines in the case, including the trial date, because this matter has been administratively closed. Filing 13, Exhibit H.

---

[1] The case was a civil, not a criminal case.

[2] The defendant's arguments repeatedly imply that this press statement is tantamount to a court finding that there was, in fact, no such scheme or promotion; it is not. The record before this court contains no specific information about its allegations, nor about what facts *were* found by the district court in its ruling, if any, on a preliminary injunction motion.

[3] There is nothing in the record in this case indicating whether, in fact, any criminal case has been filed against the defendant, nor if there has been, what is alleged in the indictment or the status of such case at this time.

A motion for a transfer of venue is addressed to the discretion of the court. Integrated Health Services of Cliff Manor, Inc. v. THCI Co., LLC, 417 F.3d 953 (8th Cir. 2005); Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997). The court is to consider the convenience of the parties, the convenience of the witnesses, and any other relevant factors when comparing alternative venues. 119 F.3d at 696 citing 15 Wright, Miller, and Cooper, Federal Practice and Procedure §3847 (2d Ed. 1986); See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (court must weigh a number of case-specific factors). Generally, the courts give considerable deference to a plaintiff's choice of forum, so the party seeking transfer bears the burden of proving transfer is warranted. Terra, 119 F. 3d at 695-6, citing Jumara v. State Farm Ins. Co., 55 F.3d 873 (3rd Cir. 1995).

1. Convenience to Parties

As a resident of the Eastern District of California, there is no doubt that that court would be more convenient for him. Although he argues that the plaintiffs, as residents of Montana, would bear *no more* inconvenience by litigating this dispute in California than in Nebraska, the plaintiffs have chosen to file the case in Nebraska, and that choice is entitled to some deference. The plaintiffs' lawyers are also in Nebraska, although there is no showing that they could not be adequately represented by California counsel. The parties argue extensively about whether the defendant traveled to Nebraska to provide the services that form the basis of plaintiffs' complaint; however, I think it is telling that defendant alleged in another matter that he traveled here frequently. Filing 17, p.3. In addition, the defendant has previously litigated in this court matters which may bear some relationship to the present case. Filing 18-4 (Third amended complaint in Baisden, Koning, and Anesthesia Consultants of Nebraska v Bourne, et al., 8:06CV517), and he has been sued and appealed adverse rulings in at least one other

4

state court action.  See Initial Case Data, Geilenkirchen v. Baisden, Nebraska Supreme Court #A07 354, Filing 18-9.  I conclude that even though the expense of defending this case in Nebraska will be greater than defending it in California, this factor weighs against transfer.

2. Convenience of Witnesses

Ironically, neither side has identified any witnesses who are likely to testify at a trial of this case, despite the explicit language in the statute.  Defendant names a number of people, but there is no showing of how, other than being audited by the IRS, their knowledge is relevant to the claims or defenses of this case.[4] Although defendant argues that their testimony will be imperative, there is no showing that any of these people are likely witnesses in this case, nor if so, how they might be so critical as to require live, as opposed to deposition testimony in any trial, nor why he could not secure their attendance at a trial held in Nebraska.  Likewise, plaintiffs have named nine other former clients of defendant who were audited by the IRS based on his 'advice.'  Filing 17, p.4.  However that may be, there is no showing that any of these people or entities would have relevant testimony in a trial[5] of this case,[6] nor why they could not testify by videotaped deposition.

---

[4] Defendant attempts to make much of his assertion that twelve of his nineteen clients (calculated to be 63%) audited by the Internal Revenue Service in connection with its investigation into the underlying abusive tax avoidance scheme (ATAT) are residents of California, and only four of such clients are residents of Nebraska, while two reside in Oregon.  Filing 13, p.5.

[5] Which is not to say they don't have discoverable information helpful to the parties; that, however, is a separate question.

[6] As pointed out by defendant, the Konings' Complaint is not based on advice to Nebraska clients in general.  It is solely based on the advice only to the Konings.  Filing 10, p.5.

Because there is insufficient information on witnesses, this factor does not weigh in favor of either side's position.

3. Interest of Justice

The parties have argued about whether the defendant has engaged in practices in Nebraska or availed himself of the courts in Nebraska, and also whether the plaintiffs maintain ties to Nebraska. They have also argued about the merits of each others' claims. They have, not, however, put forth any factual considerations which the court ought to consider in the interest of justice. This court is given no information, for example, on the status of any related criminal case in the Eastern District of California, nor, for that matter, whether the civil case there remains stayed, nor the general state of that court's docket; it would seem that such information would be relevant to the inquiry before the court.[7]

While acknowledging that the plaintiffs' choice of forum should be given great weight, defendant argues that the Eastern District of California has a more substantial connection to the Koning's claim. The plaintiffs' claims pertain to alleged unprofessional services and advice provided to the Konings while they resided in Nebraska. Although not argued by the parties, it appears that the substance of the malpractice claims, even though they involve alleged improprieties in respect to federal income tax law, will be governed

---

[7] Typically, when there is a pending criminal investigation before a grand jury, any related civil litigation would be stayed, as has apparently been done in the civil case pending in the Eastern District of California, to protect the defendant's constitutional rights. From the fact that no such stay has been sought in this case, one might infer either that the matters are not related or that the criminal investigation has been abandoned. Because the record in this court is silent, however, I can draw neither inference.

by Nebraska, not California, law and professional standards.[8] That said, it is clear that the Eastern District of California had and perhaps still has at least one case involving allegations perhaps related to this litigation. This court, too, has had a case before it, later remanded to the state court, involving perhaps related allegations. While it could be that the Eastern District of California has a more substantial connection to the case, there is simply too little information before the court on that matter to conclude that the defendant has met his burden.

Considering all the evidence filed in relation to this motion, I conclude that the plaintiffs' choice of forum should be respected, and this case should remain on this court's docket.

IT THEREFORE HEREBY IS ORDERED,

The motion to transfer venue, filing 12, is denied.

DATED August 15, 2008.

BY THE COURT:

s/ David L. Piester
United States Magistrate Judge

---

[8] The complaint alleges that defendant failed to provide that degree of skill, diligence, and knowledge a reasonably prudent CPA . . . would have required to have . . . competently performed by a Certified Public Accountant practicing in Nebraska . . . . Complaint, Filing 1-2, p.5, Paragraph 16.