IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL KONING, Dr. and Husband, and SUSAN KONING, Wife, | ) ) ) | 4:08CV3087 |
| Plaintiffs, | ) ) ) | MEMORANDUM AND ORDER ON THE DEFENDANT'S STATEMENT OF APPEAL OF THE MAGISTRATE JUDGE'S ORDER DENYING THE DEFENDANT'S MOTION FOR A CHANGE OF VENUE |
| v. | ) ) ) | |
| LOWELL BAISDEN, C.P.A., | ) ) | |
| Defendant. | ) ) | |

On June 6, 2008, Lowell Baisden filed a motion to transfer this case to the Eastern District of California . (See filing 12.) This motion was denied by United States Magistrate Judge David L. Piester in a memorandum and order dated August 15, 2008. (See filing 23.) Now before me is Baisden's "Statement of Appeal of Magistrate Judge's Order [on] Motion for Change of Venue." (Filing 24.) For the following reasons, I find that the magistrate judge's decision must be affirmed.

I.   BACKGROUND

Michael and Susan Koning's complaint, which was originally filed against Baisden in the District Court of Douglas County, Nebraska, alleges that Baisden "purported to provide competent professional advice . . . as a Certified Public Accountant . . . to the Plaintiffs from 1999 through early 2008," but instead provided "professionally-inappropriate advice" that caused Konings to file "challenged" tax returns, exposed the Konings to "penalties," "interest," and "investigative actions," and caused the Konings to "incur[] substantial legal costs," "expenses," and other damages. (Filing 1, Attach. 1., Compl. ¶¶ 1-5.) The complaint alleges four counts against Baisden: 1) professional negligence, 2) breach of fiduciary duties, 3) intentional and negligent misrepresentations and concealment, and 4) disgorgement. (See generally id.) Baisden removed the case to this court pursuant to 28 U.S.C. § 1441, (see filing 1), answered, and

counterclaimed for over $1 million in damages, (see filing 2).

In the interest of convenience, I will briefly summarize the factual findings and legal conclusions set forth in the magistrate judge's memorandum and order denying Baisden's motion for a change of venue.[1] First, citing 28 U.S.C. § 1391(a), the magistrate judge found that the case "could have been filed either in California, where the defendant resides, or in Nebraska, where the plaintiffs allege the events or omissions giving rise to the claim occurred." (Id. at 1-2.) Next, the magistrate judge noted the following facts: Baisden is a resident of Bakersfield, California, and is a Certified Public Accountant. (Id. at 2.) He provided accounting services to the Konings for a number of years while the Konings resided in Nebraska. (Id.) The Konings currently reside in Montana, but Mr. Koning practiced medicine in North Platte, Nebraska, between 1997 and 2004. (Id.) The Konings allege that Baisden created an "abusive tax avoidance scheme" which "resulted in tax audits, an Internal Revenue Service investigation into possible tax fraud, and . . . claims against the [Konings] for back taxes, interest, and penalties." (Id. at 3.) There is evidence that the IRS began a civil action for tax fraud against Baisden in the United States District Court for the Eastern District of California, but this action was stayed–and all deadlines set in the case were vacated–in May 2008. (Id.)

After summarizing these facts, the magistrate judge then analyzed, in turn, each of three general factors that courts must consider when determining whether a transfer under 28 U.S.C. § 1404(a) is warranted: 1) the convenience of the parties, 2) the convenience of the witnesses, and 3) the interests of justice. (See filing 23 at 4-7.) See also, e.g., Terra Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997). With respect to the convenience of the

---

[1] The magistrate judge observed that "[t]he parties . . . filed voluminous materials and arguments in support of" their respective positions on the issue of transfer. (Filing 23 at 2.) Baisden objects to the magistrate judge's statement that the parties filings were "voluminous," arguing that only he, and not the Konings, filed "voluminous materials and arguments." (See filing 24 at 2; filing 25 at 4.) Specifically, he states that he filed a 54-page brief with 51 exhibits, along with a 13-page affidavit with 98 paragraphs, in support of his motion; the Konings, meanwhile, filed only a 13-page brief with 9 exhibits and no affidavits. (Filing 25 at 4.) The question whether Baisden or the Konings submitted a greater quantity of materials is trivial, and Baisden's argument that the magistrate judge described the record inaccurately merits no further discussion.

2

parties, the magistrate judge stated,

> As a resident of the Eastern District of California, there is no doubt that that court whould be more convenient for [Baisden].  Although he argues that the Plaintiffs, as residents of Montana, would bear <u>no more</u> inconvenience by litigating this dispute in California than in Nebraska, the plaintiffs have chosen to file the case in Nebraska, and that choice is entitled to some deference.  The plaintiffs' lawyers are also in Nebraska, although there is no showing that they could not be adequately represented by California counsel.  The parties argue extensively about whether the defendant traveled to Nebraska to provide the services that form the basis of plaintiffs' complaint; however, I think it is telling that defendant alleged in another matter that he traveled here frequently.  In addition, the defendant has previously litigated in this court matters which may bear some relationship to the present case.

(Filing 23 at 4 (citations omitted).)  Based mainly on these findings, the magistrate judge concluded that the "convenience of the parties" factor did not weigh in favor of either party's position.

In considering the convenience of the witnesses, the magistrate judge stated,

> Ironically, neither side has identified any witnesses who are likely to testify at a trial of this case . . . . [Baisden] names a number of people, but there is no showing of how, other than being audited by the IRS, their knowledge is relevant to the claims or defenses of this case.  Although defendant argues that their testimony will be imperative, there is no showing that any of these people are likely witnesses in this case, nor if so, how they might be so critical as to require live, as opposed to deposition testimony in any trial, nor why he could not secure their attendance at a trial held in Nebraska.  Likewise, plaintiffs have named nine other former clients of defendant who were audited by the IRS based on [Baisden's] 'advice.'  However that may be, there is no showing that any of these people or entities would have relevant testimony in a trial of this case, nor why they could not testify by videotaped deposition.

(Filing 23 at 5 (citation and footnotes omitted).)  The magistrate judge concluded that the "convenience of the witnesses" did not weigh in favor of either party's position.  (<u>Id.</u> at 6.)

Finally, the magistrate judge analyzed whether a transfer would serve the interests of justice.  (<u>See</u> filing 23 at 6-7.)  The magistrate judge observed that although the parties argued about the extent of their connections with the State of Nebraska, they failed to "put forth any factual considerations which the court ought to consider in the interest of justice."  (<u>Id.</u> at 6.)  The magistrate judge noted, by way of example, that it had received no information concerning "the

3

status of any related criminal case in the Eastern District of California, nor, for that matter, whether the civil case there remains stayed, nor the general state of the court's docket." (Id.) He also stated,

> While acknowledging that the plaintiffs' choice of forum should be given great weight, defendant argues that the Eastern District of California has a more substantial connection to the Koning's claim. The plaintiffs' claims pertain to alleged unprofessional services and advice provided to the Konings while they resided in Nebraska. Although not argued by the parties, it appears that the substance of the malpractice claims, even though they involve alleged improprieties in respect to federal income tax law, will be governed by Nebraska, not California, law and professional standards. That said, it is clear that the Eastern District of California had and perhaps still has at least one case involving allegations perhaps related to this litigation. This court, too, has had a case before it, later remanded to state court, involving perhaps related allegations. While it could be said that the Eastern District of California has a more substantial connection to the case, there is simply too little information before the court on that matter to conclude that the defendant has met his burden.

(Id. at 6-7.)

Baisden appeals from the magistrate judge's decision, citing eight specific "statements" in the magistrate judge's memorandum that, according to Baisden, "misstate or ignore" evidence that was submitted in support of the motion to change venue. One of these eight statements is addressed in footnote 1 above. The remainder of Baisden's arguments will be analyzed below.

## II. STANDARD OF REVIEW

The magistrate judge's order concerns a nondispositive pretrial matter within the ambit of 28 U.S.C. § 636(b)(1)(A). Therefore, the defendant's statement of appeal of the order is authorized by § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Nebraska Civil Rule 72.2. In accordance with the applicable rules, I may not "modify, set aside, or remand to the magistrate judge" the order or "unless [the order is] clearly erroneous or contrary to law." NECivR 72.3(c). See also Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate[] [judge's] order

4

is clearly erroneous or contrary to law.").

### III. ANALYSIS

#### A. Whether the Magistrate Judge's Conclusion that Venue Is Proper in Nebraska Was Clearly Erroneous or Contrary to Law

As noted above, the magistrate judge concluded that venue is proper in this district because events or omissions giving rise to the Koning's claims allegedly occurred in Nebraska. (See filing 23 at 1 (citing 28 U.S.C. § 1391(a)(2)).) Baisden argues that this finding is clearly erroneous because he "widely stated all the events took place in California, not Nebraska." (Filing 25 at 2.) More specifically, he argues that the magistrate judge ignored evidence that the Konings traveled to Bakersfield, California, in 1999 in order to engage Baisden's services; ignored Baisden's statement that "all client contacts, regardless of the location if the client's business, take place in Bakersfield California"; and ignored the fact that "the Konings could have filed in Montana." (Id.) He adds that "the Konings actually live closer to the Federal courthouse in Fresno, California, than Lincoln, Nebraska." (Id.)

Section 1391(a)(2) states that in a diversity case, an action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." When determining whether venue is proper under § 1391(a)(2), the court does "not ask which district among two or more potential forums is the 'best' venue, rather, [it] ask[s] whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 563 (8th Cir. 2003). In doing so, the court must "focus on relevant activities of the defendant, not of the plaintiff." Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995). In other words, venue is not appropriate in a district merely because the plaintiff was residing in that district when he was injured by the defendant's alleged acts or omissions; a defendant may not be "haled into a remote district having no real relationship to the dispute." Id. (citation omitted).

Preliminarily, I note that in his motion to change venue, Baisden did not argue–or at least, did not clearly argue–that a substantial part of the events or omissions giving rise to the Konings'

5

claims did not occur in Nebraska. Rather, he argued that "this action can only be brought in the Eastern District of California" because "[a] substantial part of the events giving rise to the claim occurred in the Eastern District of California." (See filing 13 at 10.) I agree that Baisden has shown that a substantial part of the events giving rise to the Konings' claims did occur in California, and therefore the Eastern District of California is a proper venue under § 1391(a)(2). As explained in the preceding paragraph, however, the fact that the Konings' claims may be more closely connected with California does not mean that Nebraska is an improper venue. It is Baisden's burden to show that the District of Nebraska lacks a substantial connection to the claims; showing that California has a more substantial connection to the claims than Nebraska is not sufficient.

With the foregoing in mind, I find that the magistrate judge's conclusion that the District of Nebraska has a substantial connection to the Koning's claim is not clearly erroneous or contrary to law. Baisden argues that the Konings traveled to California to engage his services initially (on a matter unrelated to the Koning's claims) and that all of his contacts with the Konings that related to the services he provided for them "occurred in Bakersfield, California." (See filing 24 at 2; filing 13, ¶ 12.) Indeed, he claims that all of his contacts with clients occur in California. (Filing 13, ¶ 11.) He also states, however, that in the course of performing services for the Konings, he frequently communicated with them in Nebraska via telephone and email and by shipping "hard documents." (Filing 13, ¶¶ 10, 12.) There is also evidence that Baisden traveled to North Platte, Nebraska, several times–at Mr. Koning's invitation–to meet "and ultimately acquire[]" clients (which seems to belie his claim that all of his contacts with clients occur in California).[2] In any event, this does not appear to be a case wherein a defendant performed some act in a remote district without any means of anticipating that the harm would be felt in Nebraska. See, e.g., Woodke, 70 F.3d at 985-86. Rather, Baisden knowingly engaged in business with Nebraska residents (i.e., the Konings) and performed services for them that are

---

[2] I also note in passing that, as the magistrate judge correctly observed, Baisden has alleged in another action filed in this court that he traveled frequently "from California to Nebraska to . . . provide tax, accounting, and other financial services." (See filing 23 at 4); Baisden et al. v. Borne et al., No. 8:06cv517 (D. Neb. May 1, 2007) (third amended complaint).

alleged to have been "professionally-inappropriate." Under the circumstances, Baisden should have realized that any harm caused by his actions would have been felt in Nebraska, making it reasonable to anticipate being haled into court here. Evidence that Baisden was physically located in California and that most of his communication with the Konings was accomplished using telephones, email, and the mail does not persuade me that this district is not an appropriate venue. Cf. Markay v. Leading Solutions, Inc., No. 3:06-cv-105, 2007 WL 2822758 (D.N.D. Sept. 26, 2007) (holding that venue was proper in district of plaintiff's residence based on certain defendants' mailings of documents to plaintiff and ongoing business relationship between the parties); Decision Point Technologies, Inc. v. Johnson, No. 4:06cv896SNL, 2006 WL 3779799, at *1-2 (E.D. Mo. Dec. 20, 2006) (holding that venue was proper in Missouri (the plaintiff's state of residence) even though defendant lived in Texas while engaging in "some type of employment/business relationship" with the plaintiff).

B.  Whether the Magistrate Judge's Conclusion that the Convenience to the Parties Does Not Weigh in Favor of a Transfer Was Clearly Erroneous or Contrary to Law

In analyzing whether the "convenience to the parties" weighs in favor of a transfer, the magistrate judge stated, "The parties argue extensively about whether the defendant traveled to Nebraska to provide the services that form the basis of plaintiffs' complaint; however, I think it is telling that defendant alleged in another matter that he traveled here frequently." (Filing 23 at 4 (citation omitted).) Baisden objects to this statement, stating that he traveled to Nebraska only to meet with "prospective and new clients," and only to respond "to Michael Koning's referrals." (Filing 25 at 3.)

As I noted above, Baisden did allege in another case that he frequently traveled to Nebraska to provide tax, accounting, and other financial services. (See supra note 2 (citing Baisden et al. v. Borne et al., No. 8:06cv517 (D. Neb. May 1, 2007) (third amended complaint)).) The magistrate judge's statement was accurate. Indeed, Baisden does not deny that he traveled to Nebraska "frequently"; rather, he attempts to explain that he traveled to Nebraska not to provide services to the Konings, but for other business reasons. Baisden's explanation for his frequent travels to Nebraska does not demonstrate that Nebraska is an inconvenient venue for him. On

7

the contrary, his business travels to Nebraska tend to suggest the opposite. In any event, I find that the magistrate judge did not clearly err in determining that the "convenience to the parties" does not weigh strongly in favor of either party's position.

### C. Whether the Magistrate Judge's Conclusion that the Convenience to the Witnesses Does Not Weigh in Favor of a Transfer Was Clearly Erroneous or Contrary to Law

The magistrate judge concluded that the "convenience to the witnesses" factor did not weigh in favor of either party's position on the question of transfer. (Filing 23 at 5-6.) Baisden objects to several of the statements offered by the magistrate judge in support of this conclusion. (See, e.g., filing 25 at 4-6.) Specifically, Baisden objects to the magistrate judge's statements that "neither side has identified any witnesses who are likely to testify at a trial of this case," that "there is no showing of how, other than being audited by the IRS, [Baisden's proposed witnesses'] knowledge is relevant to the claims or defenses of this case," and that "there is no showing that any of these people are likely witnesses in this case, nor if so, how they might be so critical as to require live, as opposed to deposition testimony in any trial, nor why [Baisden] could not secure their attendance at a trial held in Nebraska." (Filing 25 at 4-5 (quoting filing 23 at 5).) Baisden argues that he "provided very extensive evidence and analysis of who his witnesses would be": they "would be the 18 clients who the IRS audited for the [abusive tax avoidance scheme]." (Id. at 5.) He adds that he did show that their testimony is relevant to this case because he explained that those clients "experienced what the Konings did." (Id. (citing filing 13, ¶ 45; filing 19, ¶ 121; filing 20, Ex. VV; filing 21, ¶ 23).)

A party seeking a transfer in the interest of convenience to the witnesses must do more than merely identify prospective witnesses; he must also make a general statement, through affidavits or otherwise, of the testimony that the witnesses are expected to provide. See, e.g., Medicap Pharmacies, Inc. v. Faidley, 416 F. Supp. 2d 678, 687 (S. D. Iowa 2006). This statement allows the court to "examine the materiality and importance of the anticipated witnesses' testimony" when considering whether a transfer is in order. Id. (citing Reid-Walen v. Hansen, 933 F.2d 1390, 1396 (8th Cir. 1991)). The party seeking the transfer should also provide the court with information about the prospective witnesses' willingness to appear at trial

8

in the proposed venues and explain why deposition testimony would be inadequate. See, e.g., Terra Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 696 (8th Cir. 1997). "[S]heer numbers of witnesses will not decide which way the convenience factor tips," and "[m]erely shifting the inconvenience from one side to the other . . . obviously is not a permissible justification for a change of venue." Id. at 696-97 (citations omitted).

As the magistrate judge noted, the fact that Baisden's prospective witnesses were audited along with the Konings does not mean that the witnesses can provide testimony relevant to the Konings' claims. In other words, the people identified by Baisden may have witnessed aspects of the IRS's investigation of the "abusive tax avoidance scheme," but there is no indication that they have personal knowledge of the advice and services provided by Baisden to the Konings (which form the basis of the Konings' complaint). Also, Baisden submitted no information suggesting that his proposed witnesses would be unwilling to travel to Nebraska to testify in a trial of this case, and he made no argument that deposition testimony would not be adequate.

Baisden argues that "it is unreasonable to require 74% of the witnesses and their documents to travel half the way across the country for a trial." (Filing 25 at 5-6.) He also claims that the magistrate judge mis-counted the number of potential witnesses residing in Nebraska. (Id. at 6.) As noted above, however, the "convenience to the witnesses" analysis does not hinge solely on the number of prospective witnesses who reside in potential venues. Baisden failed to provide the magistrate judge with information that could support a finding that a transfer is warranted for the convenience of the witnesses. Therefore, I find that the magistrate judge's analysis was neither clearly erroneous nor contrary to law.

    **D.   Whether the Magistrate Judge's Conclusion that the Interests of Justice Do Not Weigh in Favor of a Transfer Was Clearly Erroneous or Contrary to Law**

In considering the "interests of justice" factor, the magistrate judge found that although "it could be that the Eastern District of California has a more substantial connection to the case, there is simply too little information before the court on that matter to conclude that the defendant has met his burden [of proving a transfer is warranted]." (Filing 23 at 7.) Baisden argues that the magistrate judge's conclusion is erroneous because he submitted fifteen "reasons

9

regarding the substantial connection the Eastern District of California has to the instant case." (Filing 25 at 7.) Specifically, he argues:

1. The "abusive tax avoidance scheme" was litigated in the Eastern District of California, and the Konings' "income tax matters were widely litigated and were the principle example the Government used" in its case.

2. Sixty-three percent of the clients audited by the IRS in this litigation "were in California."

3. "[T]he DOJ chose California as their forum over Nebraska for the [abusive tax avoidance transaction] complaint."

4. Baisden has practiced in California since 1978.

5. "Baisden had only a few clients in Nebraska."

6. "Baisden never had an office in Nebraska."

7. "Baisden did not do any advertising in Nebraska."

8. "Baisden was not actively building a practice in Nebraska."

9. "Baisden was not moving to Nebraska."

10. "Baisden was solely responding to referrals by Michel [sic] Koning located in Nebraska.

11. "Baisden no longer has any clients in Nebraska."

12. "Baisden has not received any referrals for prospective clients in Nebraska since 2002."

13. "Baisden is not active in Nebraska."

14. "Baisden does not plan to become active in Nebraska, and"

15. "Baisden is content to remain in California."

(Filing 25 at 7-8.)

The Eighth Circuit has stated that courts typically consider the following factors when analyzing whether the interests of justice weigh in favor of a transfer: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Terra

Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 696 (8th Cir. 1997) (citation omitted). Many of the fifteen considerations cited by Baisden do not seem to relate to these factors. Arguably, the fact that there may have been related litigation in the Eastern District of California implicates considerations of judicial economy; however, as the magistrate judge noted, there may have been related litigation in this district as well. (See filing 23 at 7; see also id. at 4 (citing Baisden et al. v. Borne et al., No. 8:06cv517 (D. Neb. May 1, 2007) (third amended complaint)).) Factors four through fifteen suggest that Baisden has many connections with the State of California and relatively few connections with the State of Nebraska. This is not in dispute. Standing alone, however, the fact that Baisden practices primarily in the State of California does not mean that the interests of justice weigh in favor of a transfer.[3]

The magistrate judge correctly observed that "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, Inc., 119 F.3d at 695 (citations omitted). The magistrate judge's conclusion that Baisden failed to satisfy this burden was neither clearly erroneous nor contrary to law.

**IT IS ORDERED** that Baisden's statement of appeal of the magistrate judge's memorandum and order denying Baisden's motion for a change of venue, filing 24, is denied.

Dated October 1, 2008.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

---

[3] Baisden's connections with California appear to relate more directly to the "convenience of the parties" factor, which I have analyzed above.