IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL KONING, Dr. and Husband, and SUSAN KONING, Wife, | ) ) ) | |
| Plaintiffs, | ) ) | 4:08CV3087 |
| v. | ) ) | |
| LOWELL BAISDEN, C.P.A., | ) ) | MEMORANDUM AND ORDER ON BAISDEN'S MOTION TO DISMISS |
| Defendant. | ) ) | |

Now before me is a motion to dismiss filed by Defendant Lowell Baisden. (Filing 30.) For the following reasons, this motion will be denied.

Baisden has moved to dismiss the complaint "based on judicial estopppel." (Filing 30 at 6.) In summary, he argues,

> Dr. Koning filed a [lawsuit] together with Baisden as Co-Plaintiffs in 2006 against four individuals who resided in North Platte, Nebraska, alleging that Koning and Baisden acted properly in regard to their filings with the IRS in regard to Koning's tax returns, and these individuals wrongly accused Koning and Baisden of income tax fraud, thus causing the loss of Koning's contract with the hospital. In the instant case, Koning is alleging Baisden did not prepare his tax returns correctly, and his association with Baisden caused the loss of this contract.

(Filing 30 at 1 (quoting Answer, filing 2, at 25).) Baisden claims that the instant complaint must be dismissed in order to prevent Koning "from making . . . opposite claims" in the two lawsuits. (Id. at 6.) He cites no legal authorities in support of his motion.

As explained by the Supreme Court,

> "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."

1

>Although we have not had occasion to discuss the doctrine elaboratively, other courts have uniformly recognized that its purpose is "to protect the integrity of the judicial process[]" by "prohibiting parties from deliberately changing positions according to the exigencies of the moment[.]" Because the rule is intended to prevent "improper use of judicial machinery," judicial estoppel "is an equitable doctrine invoked by a court at its discretion[.]"
>
>Courts have observed that "[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle[.]" Nevertheless, several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled[.]" Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

New Hampshire v. Maine, 532 U.S. 742, 749-51 (2001) (citations omitted).

I have considered each of the three factors discussed by the Court in New Hampshire, and I am not persuaded that the doctrine of judicial estoppel ought to be applied in this case. Although it does appear that the instant complaint and the earlier complaint contain allegations that are "clearly inconsistent," there is no evidence that Koning succeeded in persuading a court to accept his earlier position. On the contrary, Baisden submits that Koning settled his claims against the defendants in the earlier case. (See filing 30 at 4.) Because Dr. Koning did not "succeed[] in persuading a court to accept [his] earlier position," his "later inconsistent position introduces no 'risk of inconsistent court determinations.'" New Hampshire, 532 U.S. at 750-51

(citations omitted).  Also, there is no indication that Koning would derive an unfair advantage over Baisden or impose an unfair detriment on Baisden if he is not estopped.

**IT IS ORDERED** that Baisden's motion to dismiss, filing 30, is denied.

Dated November 19, 2008.

BY THE COURT

s/  Warren K. Urbom
United States Senior District Judge