IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL KONING, Dr. and Husband, and SUSAN KONING, Wife, | ) ) ) | |
| Plaintiffs, | ) ) | 4:08CV3087 |
| v. | ) ) | |
| LOWELL BAISDEN, C.P.A., | ) ) ) | MEMORANDUM AND ORDER ON BAISDEN'S SECOND MOTION TO |
| Defendant. | ) ) | DISMISS |

Now before me is a motion to dismiss filed by Defendant Lowell Baisden. (Filing 40.) The motion will be denied.

Baisden argues that the complaint must be dismissed because it includes a "frivolous claim." (Filing 40 at 1.) More specifically, Baisden argues that dismissal is warranted under Federal Rule of Civil Procedure 11 because the complaint contains the following "patently false" allegation: "Dr. Koning has been unable to find suitable professional employment." (Filing 41 at 3; see also Compl., filing 1, Attach. 1, at 2 ¶ 4.)

In support of his argument, Baisden alleges that on November 25, 2008, he performed an internet search and discovered a document that he describes as an "agenda" for a June 16, 2008, meeting of the House of Representatives of the Northern Marianas Commonwealth Legislature. (See filing 41 at 1; see also filing 42, Ex. A.) This "agenda" includes an item stating, "Certification for salar[y] in excess of $50,000 for Dr. Michael A. Koning . . . ." (See filing 41 at 2; see also filing 42, Ex. A, at 3.) After conducting additional research on the internet, Baisden discovered a document indicating that the Commonwealth Health Center (CHC) was actively recruiting an anesthesiologist to fill a vacancy created by a June 2008 retirement. (See filing 41 at 2; see also filing 42, Ex. B.) He also discovered documents that appear to be solicitations for candidates to fill an anesthesiologist position at CHC. (See filing 41 at 2; see also filing 42, Exs. C-D.) Then on some unspecified date, Baisden asked his mother, Esther Baisden, whether

Plaintiff Susan Koning made "statements regarding Michael Koning's work." (Filing 41 at 2.) Evidently, Susan Koning is also the child of Esther Baisden. (See id.) Baisden's mother told Baisden that "earlier during 2008," Susan said that "Michael Koning was working out-of-town." (Id.)

Although the complaint was filed on March 6, 2008, Baisden submits that, based on the foregoing facts, Michael Koning was at least "successfully striving toward" obtaining "suitable professional employment" when he filed his complaint. (Filing 41 at 3.) He states,

> Common sense reveals [that] in order for the House of Representatives to be considering Michael Koning's contract at a June 2008 session, it would have to be on the Government Committee's meeting agenda during May 2008. And, in order for the Government Committee to be considering Koning's contract at a May 2008 meeting, it would have to be on the CHC's meeting agenda during April 2008. And, in order for the CHC to be considering Koning's contract at a[n] April 2008 meeting, Michael Koning would have to be contacting the CHC during March 2008.

(Filing 41 at 3.) Baisden adds, "[I]t is a fact that Michael Koning does have suitable professional employment as an anesthesiologist at a hospital," and therefore the Konings and their counsel "have misled this Court and Baisden by advocating a position with a frivolous claim." (Id. at 4, 5.) He also argues that the Koning's failure to withdraw their "frivolous" allegation amounts to a violation of Rule 11. (See generally filing 47.)

Federal Rule of Civil Procedure 11(b)(3) provides, "By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." The rule also includes a "safe harbor" provision providing that, before a Rule 11(b) motion may be "filed or presented to the court," the opposing party must be served with the motion and given time to withdraw or correct the challenged claim. See Fed. R. Civ. P. 11(c)(2). There is no indication that Baisden has complied with the safe harbor provision, and his failure to do so warrants denial of his motion. See Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1030 (8th Cir. 2003).

I note in passing that Baisden's internet research and application of "common sense" do

not establish that the allegation in question was false, frivolous, or unsupported when it was presented to the court. See, e.g., Coonts v. Potts, 316 F.3d 745, 753 (8th Cir. 2003) ("Rule 11 requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing."). Moreover, Baisden has submitted no authority in support of his argument that the plaintiffs were obligated to amend their complaint or otherwise withdraw the allegation when Dr. Koning obtained employment (if in fact he has obtained employment). In his reply brief, Baisden submits that the plaintiffs violated Rule 11 by "claiming and continuing to advocate the position" at issue "through inaction." (See filing 47 at 1, 2.) It is true that if the plaintiffs "reaffirm[] to the court and advocat[e] positions contained in [their] pleadings . . . after learning that they cease to have any merit," there may be grounds for Rule 11 sanctions. Fed. R. Civ. P. 11 advisory committee notes, 1993 amendments, subdivisions (b) and (c). There is no indication, however, that the plaintiffs have "reaffirmed" or "advocated" their position that "Dr. Koning has been unable to find suitable professional employment" since the filing of their complaint; nor am I persuaded that "inaction" amounts to a "reaffirmation" or "advocacy" in this case.

**IT IS ORDERED** that Baisden's motion to dismiss, filing 40, is denied.

Dated January 26, 2009.

                        BY THE COURT

                        s/ Warren K. Urbom
                        United States Senior District Judge